UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER WAGONER** | * | **CIVIL ACTION NO. 17-0035** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **NATHAN VICK ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand and associated request for attorney fees and costs, [doc. # 11], filed by Plaintiff Christopher Wagoner. The motion is unopposed and Defendants consent to remand. For reasons stated below, it is recommended that the motion be **GRANTED in part** and **DENIED in part.**

## Factual Background and Analysis

On November 30, 2016, Plaintiff Christopher Wagoner filed the instant negligence action in the 39th Judicial District Court, Parish of Red River, Louisiana, against Starr Indemnity and Liability Co. ("Starr") and Nathan Vick. According to the complaint, on November 30, 2015, Vick, while driving a vehicle in the course of his employment with Davis Chemical Services, LLC ("Davis"), failed to stop at a stop sign, causing Wagoner to strike Vick with great force and causing him to sustain injuries. At all relevant times, Davis was covered by a policy of liability insurance issued by Starr.

As a result of this accident, Wagoner pleads that "he has sustained painful and serious injuries," including, but not limited to

- Severe and traumatic injuries to the lumbar spine;
- Severe and traumatic injury to the right hand;

- Severe and traumatic injury to the left knee;
- Contusions and bruises about the body; and
- Severe and traumatic emotional and mental trauma.

[doc. #1-1]. Wagoner further states that he was forced to seek medical treatment and has been forced to continue under the care and treatment of those physicians. *Id.* Furthermore, Wagoner contends that his "social, recreational, religious and economic pursuits have been hindered and restricted," and that he has incurred "medical expenses, loss of wages, loss of earning capacity, associated incidental damages, suffer [sic] agonizing pain, severe physical and mental shock, emotional anguish, distress, loss of enjoyment of life, disability and other items of damages . . . ." *Id.* He requests damages that "will reasonably and adequately compensate him for the injuries and damages he sustained and will sustain as a result of the above described accident, together with legal interest thereon from date of judicial demand until paid." *Id.*

On December 23, 2016, Defendants removed this action to federal court on the basis of diversity jurisdiction, 42 U.S.C. § 1332. On January 21, 2017, Plaintiff filed the instant motion challenging the removal of this matter on the basis that Defendants have failed to establish that the damages in this case exceed $75,000. [doc. #11]. Plaintiff also requests costs and attorney fees associated with filing this motion. *Id.*

On February 14, 2017, Defendants filed a response to the motion to remand, indicating that they do not oppose Plaintiff's motion and consent to remand. [doc. #17]. Considering the lack of opposition and the fact that it is Defendants' burden to establish that federal jurisdiction exists, *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)), the undersigned recommends that Plaintiff's motion to remand be GRANTED and that the instant case be

remanded to the 39th Judicial District Court for the Parish of Red River, State of Louisiana.

Plaintiff also seeks costs and attorney fees for improper removal pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The propriety of the Defendants' actions in removing the case are central to this Court's decision about whether to award costs and attorney fees. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). In other words, the Court must determine whether defendants acted improperly, "taking into account such things as the state of the law and defendant[s'] tactics.*" Rivers v. Int'l Matex Tank Terminal*, 864 F.Supp. 556, 561 (E.D. La. 1994). This is a matter within the sound discretion of the district court. *Miranti*, 3 F.3d at 928.

The "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees. *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (citations omitted). Rather, in the absence of "unusual circumstances," this Court may award attorney fees under section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 542.

Based on the extensive injuries alleged in the complaint, as well as the request for "medical expenses, loss of wages, loss of earning capacity, associated incidental damages, suffer [sic] agonizing pain, severe physical and mental shock, emotional anguish, distress, loss of enjoyment of life, disability and other items of damages," Defendants did not lack an objectively reasonable basis for seeking removal, *i.e.*, for contending that damages exceeded $75,000. *See Luckett* v. *Delta Airlines, Inc*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's tort claim exceeded $75,000 where she alleged property damage, travel expenses, emergency ambulance trip,

3

hospital stay, pain and suffering, humiliation, and temporary inability to do housework); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (claim exceeded $75,000 where pleading alleged injuries to wrist, knee, patella and back and sought medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement). Moreover, since the filing of the notice of removal and Plaintiff's motion for remand, Defendants have retained new counsel in this matter. New counsel filed the response consenting to remand. Accordingly, the Court cannot conclude that Defendants' prior counsel was acting improperly. Plaintiff's request for attorney fees and costs should be DENIED.

**Conclusion**

IT IS RECOMMENDED that the motion for remand filed by Plaintiff Christopher Wagoner [doc. #11] be GRANTED and that the instant case be remanded to the 39th Judicial District Court for the Parish of Red River, State of Louisiana. 28 U.S.C. § 1447(c).

IT IS FURTHER RECOMMENDED that the motion for attorney fees and costs, [doc. #11], be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before she makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 16th day of February 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE